UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-23856-CIV-MOORE/MCALILEY

ARISTIDES SANTIAGO,

     Plaintiff,

v.

CAROLYN COLVIN, COMMISSIONER
of SOCIAL SECURITY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Summary Judgment [DE 19], and Defendant's Motion for Summary Judgment. [DE 24]. This matter was referred to me by the Honorable K. Michael Moore, and is fully briefed. [DE 3, 26]. For the reasons set forth below, I recommend that the Court deny Plaintiff's motion, grant Defendant's motion, and affirm the Administrative Law Judge's (ALJ) decision.

**I.**    **Overview**

Plaintiff applied for disability insurance benefits and supplemental security income on or about June 28, 2011, alleging disability since May 14, 2011. Tr. 198-211.[1] Plaintiff's application was denied initially, and denied again on reconsideration. Tr. 113-141. On

_____

[1] Citations to the transcript of proceedings before the Social Security Administration, which was filed at DE 16, are in the form "Tr. [#]."

December 7, 2011, Plaintiff filed a request for a hearing before an ALJ. Tr. 64-5. That hearing, at which Plaintiff testified, was held on May 15, 2013. Tr. 43-63.

On June 7, 2013, the ALJ issued a written decision in which he found that Plaintiff was not under a disability as defined in the Social Security Act. Tr. 24-35. The Appeals Council denied Plaintiff's request for review of the ALJ'S decision, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Plaintiff now asks this Court to remand the matter to the ALJ for reconsideration of the record and his conclusions. [DE 19, p. 18].

## II.     Proceedings before the Commission

### A.      Plaintiff's testimony

Plaintiff was forty-three years old at the time of the hearing before the ALJ. Tr. 45. He has an associate's degree and previously worked as a respiratory therapist. Tr. 45-6. Plaintiff stopped working as a respiratory therapist in 2006, due to pain in his lower back that extended to his legs to his feet. Tr. 46-7.[2] Plaintiff testified that without medication his pain is a six on a scale of one to ten, and that medication lowers his pain level to a four. Tr. 55-6.

Plaintiff testified that he takes six or seven medications a day for pain, depression, anxiety, high cholesterol and to relax muscle spasms. Tr. 49. He lives with his fiancé, but does not do any housework or grocery shopping; he spends the day at home with his daughter. Tr. 50. Plaintiff testified that he has to move around constantly to alleviate his

---

[2] Plaintiff did have some earnings through 2009 from equipment rental. *Id.*

pain, alternating between sitting, lying down and standing; he spends three quarters of the day lying down. Tr. 50, 54. His medications cause several side effects, including dizziness, diarrhea, constipation and drowsiness. As a result, he sleeps four or five hours during the day. Tr. 55.

Plaintiff also suffers from daily migraines which require him to lie down in a dark room for about six hours. Tr. 56-7. He experiences vertigo three times a day, and panic attacks about twice a day, and it takes a few hours for him to recover from each episode. Tr. 57-8. Plaintiff has difficulty with his short term memory and focus. Tr. 60-1. He is frequently depressed; twice a day he is too depressed to get out of bed and two to three times a week he "just [doesn't] want to do anything." Tr. 61-2.

Plaintiff testified that he can sit for 10 to 20 minutes at a time, stand for 5 to 10 minutes at a time, and walk for 10 minutes without stopping. Tr. 51-2. He uses a cane or wheelchair, which were prescribed for him. Tr. 52. He testified that he cannot comfortably pick up anything heavier than a gallon of milk. Tr. 54.

**B.     The record**

In addition to his testimony, Plaintiff provided his medical records and records of the proceedings before the Commissioner, which I have thoroughly reviewed. I consider that evidence as it is relevant to the issues discussed below.

**C.     The ALJ's decision**

As noted, the ALJ concluded that Plaintiff is not disabled. Tr. 24-35. Following the required five step analysis described below, the ALJ first found that Plaintiff has not

engaged in substantial gainful activity since May 14, 2011. Tr. 26. Next, he found that Plaintiff has the severe impairments of lumbar radiculitis with a component of back pain, migraine headaches, positional vertigo, obesity, and depressive disorder not otherwise specified; but found he does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 26-7.

The ALJ then determined that Plaintiff had the Residual Functional Capacity (RFC) to perform the full range of medium unskilled work as defined in 20 CFR 404.1567(c) and 416.967(c). Tr. 28. Finally, the ALJ found that even though Plaintiff could not perform his past relevant work, he was capable of performing other jobs that exist in the national economy. Tr. 33-4.

## III.   Analysis

In evaluating a claim for disability benefits, the ALJ must follow the five steps set forth in 20 C.F.R. §§ 416.920(a) and 404.1520:

1. Is the claimant performing substantial gainful activity? If not, the ALJ next determines;

2. Does the claimant have one or more severe impairment?   If the claimant does, the ALJ next considers;

3. Does the claimant have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?   If so, claimant is disabled; if not, the ALJ must determine claimant's RFC; and then determine;

4. Based on the RFC, can claimant perform his past relevant work?   If so, he is not disabled.   If he cannot perform his past relevant work, the ALJ must finally determine;

4

5. Whether, based on his age, education, and work experience, and the RFC, can claimant perform other work of the sort found in the national economy. If so, claimant is not disabled. If not, claimant is disabled and entitled to benefits.

*Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

In reviewing the ALJ's decision, the Court must consider the record as whole and determine whether the ALJ applied the correct legal standard, and whether his findings of fact are supported by substantial evidence in the record. *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Phillips*, 357 F.3d at 1240, n. 8 (citation omitted). The substantial evidence standard does not permit a reviewing court to only consider those parts of the record that support the ALJ; the court must view the entire record and also consider evidence in the record which detracts from the evidence relied on by the ALJ. *Mackie v. Astrue*, No. 1:07-cv-00098-MP-WCS, 2008 WL 719210, at * 1 (N.D. Fla. Mar. 11, 2008).

While the Court applies a presumption in favor of the ALJ's finding of fact, no such presumption applies to the ALJ's legal conclusions. Thus, the Court must reverse if the ALJ incorrectly applied the law, or if the decision fails to provide the court with sufficient reasoning to determine whether the law was properly applied. *Perez v. Comm'r of Soc. Sec.*, No. 6:06-CV-1648-ORL-19KRS, 2008 WL 191036, * 5 (M.D. Fla. Jan. 22, 2008). The ALJ's failure to specify the weight given to evidence contrary to his decision, or

failure to give the reason for discrediting evidence, is reversible error. *Hart v. Astrue*, No. 3:10-cv-531-J-TEM, 2011 WL 4356149, * 5 (M.D.Fla. Sept. 19, 2011).

Some of the ALJ's findings here are not in dispute. There is no dispute that Plaintiff has not engaged in substantial gainful employment since May 14, 2011. Moreover, Plaintiff does not dispute that his impairments and combination of impairments do not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Plaintiff does challenge the ALJ's failure to find, in step 2, that his chronic right knee pain is a severe impairment. [DE 19, pp. 11-3]. Plaintiff also argues that the ALJ improperly determined the RFC as he failed to perform a function-by-function analysis of Plaintiff's impairments. [DE 19, pp. 13-18].

Because I find that the ALJ applied the proper analysis in reaching his determination of Plaintiff's RFC, I recommend that the Court affirm the ALJ's decision that Plaintiff is not disabled.

## A.    The ALJ's determination of severe impairments was sufficient

The second step of the five-step process noted above requires the ALJ to determine whether the claimant suffers from a medically determinable impairment, or combination of impairments, that is severe. "An impairment or combination of impairments is severe at step two of the sequential evaluation if it significantly limits a claimant's physical or mental ability to do basic work activities." *Williams v. Colvin*, No. 1:12-cv-115-GRJ, 2013 WL 1953315, * 4 (N.D. Fla. May 10, 2013). The ALJ found that Plaintiff had several severe impairments. Tr. 26.

Plaintiff argues that the ALJ erred when he did not find that Plaintiff's chronic right knee pain constituted a severe impairment. [DE 19, p. 11-3]. I do not need to determine whether the ALJ erred in this regard, because any such error at this step would be harmless. The ALJ found that Plaintiff had at least one severe impairment, "and that finding is all that step two requires." *Heatly v. Comm'r of Social Security*, 382 Fed.Appx. 823, 824-5 (11th Cir. 2010).

### B.   The ALJ used the proper analysis in determining the RFC

The RFC is the ALJ's assessment of a claimant's ability to work despite his impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  Social Security Ruling 96-8p provides that the "RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments." SSR 96-8p(2). That ruling provides further guidance to the ALJ: "'The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis. . . . Only after that may [the] RFC be expressed in terms of exertional levels of work, sedentary, light, medium, heavy, and very heavy."  *Id.*, *see also Freeman v. Barnhart*, 220 Fed.Appx. 957, 959 (11th Cir. 2007) (quoting SSR 96-8p).

Plaintiff argues that the ALJ did not conduct a function-by-function analysis of his limitations, and that he failed to address the postural, environmental and social limitations arising from his severe impairments. Tr. 13-8. However, Plaintiff does nothing more than complain that the ALJ did not find in his RFC that Plaintiff's severe impairments identified

at step two limited Plaintiff's ability to work, such that he is totally disabled. In other words, Plaintiff disagrees with the ALJ's conclusions regarding the RFC, without demonstrating how his analysis was flawed, and without showing that his conclusions are not supported by substantial evidence.[3] Plaintiff emphasizes that he testified that his various impairments completely interfere with his ability to work, and yet he ignores the fact that the ALJ found his testimony, in large measure, not credible.

The regulatory guidance that the ALJ conduct a function-by-function analysis of a claimant's limitations does not impose a rigid requirement that the ALJ compartmentalize his review of each claimed limitation; it does, however, require the ALJ to demonstrate that he has in fact considered each claimed limitation. *Freeman,* 220 Fed. Appx. at 960 (court rejected the claim that the ALJ did not consider claimant's limitations on a function-by-function basis, noting that "[w]hile the ALJ could have been more specific and explicit in his findings, he did consider all of the evidence and found that it did not support the level of disability [the plaintiff] claimed.")

Here, the ALJ states that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. . . ." Tr. 28; this is followed by the ALJ's review and analysis of the medical evidence and Plaintiff's testimony. This review includes consideration of Plaintiff's claims of postural, environmental and social limitations.

---

[3] Plaintiff's argument includes the claim that the ALJ failed to take into account his vision and hearing difficulties. [DE 19, pp. 14, 18]. There is no indication in the record, whatsoever, that Plaintiff had any hearing and vision limitations.

After his review of the evidence, the ALJ explains why he found Plaintiff, in large measure, not credible.   This includes the ALJ's observation that only three months before Plaintiff testified at the hearing that he suffered a multitude of impairments, Plaintiff denied those impairments when he was examined by Dr. Jose Mena. Tr. 33. The ALJ wrote: "[Plaintiff's] testimony regarding his symptoms is problematic. . . . It is my impression that [Plaintiff] was trying to magnify his symptoms which makes his testimony less persuasive. . . . I find the evidence contained in the record does not support the claimant's allegations of totally incapacitating symptoms." *Id.* Significantly, Plaintiff does not challenge the ALJ's assessment of his credibility. The ALJ's analysis of each of Plaintiff's claimed functional limitations reflects this assessment.

Plaintiff complains that the RFC does not recognize that Plaintiff's vertigo and migraines require that Plaintiff have environmental limitations in any work environment. [DE 19, p. 17]. The ALJ found, however, that there was substantial medical evidence that Plaintiff's migraines responded well to medication and that his vertigo as caused by an ear infection ("otitis media"), which as treated. Tr. 33, 623, 751. Plaintiff does not challenge this finding.

As for Plaintiff's claimed social limitations, the ALJ considered Plaintiff's claim and gave great weight to Plaintiff's treating physician's determination that he has no significant mental impairment. Tr. 33. The ALJ also found that this determination is supported by the record and Plaintiff's presentation at the hearing. *Id.*. Plaintiff does not

challenge the weight given by the ALJ to the medical evidence, and concedes that the ALJ accounted for any mental impairment by limiting him to unskilled work.[4] [DE 19, p. 17].

Finally, as to Plaintiff's postural limitations, the ALJ clearly performed a functional analysis. He considered the medical evidence, determined that Plaintiff's claims were not credible, and assigned great weight to the medical opinion of the State agency physician who found Plaintiff could perform medium level work. Tr. 29-33. Plaintiff does not identify any medical evidence that the ALJ failed to consider, and does not challenge the ALJ's credibility determination, or the weight given the opinion of the State agency physician.

In short, the ALJ performed the analysis of Plaintiff's postural, environmental and social limitations required by SSR 96-8p. Based on that analysis, which is supported by substantial evidence, the ALJ found that Plaintiff can perform the full range of medium unskilled work, and thus is not disabled. I recommend that the Court affirm this decision.

## IV.   Recommendations

Based on the foregoing, I respectfully recommend that:

Plaintiff's Motion for Summary Judgment [DE 19], be **DENIED**, and Defendant's Motion for Summary Judgment [DE 24], be **GRANTED**.

---

[4] Unskilled work is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." SSR 83-10.

## V.      Objections

The parties may file any written objections to this report and recommendation with the Honorable K. Michael Moore **no later March 23, 2016**.   Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein.   *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida this 9th day of March, 2016.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore
Counsel of record